## ATCHISON, T. & S. F. RY. CO. v. STATE.

No. 2347. Opinion Filed September 30, 1913.

(165 Pac. 125.)

1. **CARRIERS—Keeping Ticket Windows Open—Violation of Corporation Commission Order—Sufficiency of Evidence.** Evidence examined and held sufficient to sustain the findings of the Corporation Commission that one of its orders had been violated.

2. **SAME—Statutes—Penalty—Discretion of Commission.** Sections 1192 and 1193, Rev. Laws 1910, empower the State Corporation Commission to punish as for contempt any railway company violating any of the rules or requirements of the commission, but places a limitation upon such power and the discretion of the commission as to the kind of punishment and amount of fine that may be imposed by the commission by specifying the maximum penalty the commission may assess against a violator of any of its orders; and so long as the commission does not exceed this limitation, specifically imposed by the statute, where there have been no errors in the proceeding prejudicial to defendant, this court is without power to disturb the judgment of the commission fixing the amount of the penalty.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Proceedings before the Corporation Commission against the Atchison, Topeka & Santa Fe Railway for violation of an order of the commission. From an order penalizing the railroad for contempt, it appeals. Affirmed.

*Cottingham & Bledsoe,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for appellee.

HAYES, C. J. This appeal is prosecuted from an order of the Corporation Commission, adjudging appellant guilty of contempt for having violated what is known as Commission Order No. 4 of the State Corporation Commission. Said order, among other things, provides that it shall

be the duty of every railway or railroad company to open its waiting rooms, ticket windows and baggage rooms one hour before schedule time of arrival of trains. This proceeding was begun before the commission by one G. R. Fields filing his complaint, wherein he charges that appellant, through its agent in the town of Avard, Oklahoma, on the night of the 9th of March, 1910, violated said order of the commission by failing to open its ticket window at said station until ten minutes prior to the time of arrival of its passenger train, which was due at that station at 12:20 a. m. By reason of which, he alleges that he and other passengers were compelled to pay three cents a mile for transportation, instead of two cents per mile, because at 12 o'clock on that night a new schedule of rates to that effect became effective upon appellant's line of road.

No appeal seems to have been taken from the action of the commission in promulgating said commission's Order No. 4, herein alleged to have been violated. The power of the commission to make said order and its validity is not questioned in this proceeding.

By section 1 of an act of the Legislature, approved May 29, 1908 (Rev. Laws 1910, section 1192), entitled "An act providing for the punishment of any corporation, person or firm for contempt for the violation of any order or requirement of the Corporation Commission," etc., it is provided that any corporation, person or firm may be fined by the commission not exceeding $500, as the commission may deem proper, for the violation of any of its rules or requirements, and each day's continuance of said violation is made to constitute a separate offense.

Section 2 of the act provides that the commission may punish such corporation for violation of its order as for contempt and prescribes the procedure by which such prosecution may be made. (Sess. Laws 1907-8, p. 228; Rev. Laws 1910, sec. 1193.)

A general demurrer of appellant to the complaint was overruled. Whereupon, after answer was filed by appellant and demand for jury overruled, a trial before the commission was had, resulting in findings and an order by the commission adjudging appellant guilty and assessing a fine against it in the sum of $500.

There is evidence to establish that the town of Avard is the junction point of appellant's line of railway and a line of the St. Louis & San Francisco Railway; that on the night of March 9, 1910, plaintiff arrived in said town on the St. Louis & S. F. Railway and went at about the hour of 11 o'clock to appellant's depot for the purpose of embarking upon one of appellant's trains going southwest, which was due to arrive at Avard at 12:10. The evidence also establishes that there were a number of other passengers who went to appellant's station at about the same time for similar purposes. The ticket window of the station was not opened, according to the testimony of the prosecution, until five minutes before the schedule time for arrival of the train; and according to the testimony of defendant, the window was not opened until twelve minutes before such time.

Defendant, both by its answer and its evidence, admits the violation of the order, but seeks to purge itself of contempt or to justify or excuse its action by showing that the train was approximately one hour late; and that the agent of appellant at that point was engaged, during the hour immediately preceding the schedule arrival of the train, in performing other services which he was required to perform by the company, to wit, assorting mail packages that were to be placed upon said train; and that the window was opened for an hour immediately before the departure of the train, though not an hour before the schedule time for its arrival. The commission took the view that the evidence of appellant was not sufficient to purge it of contempt for

the violation of the order; and we have not been convinced by the prosecution of the case made by appellant that the commission committed reversible error in this conclusion.

The purpose of the order violated is not only to afford the traveling public an opportunity to obtain at each station of a railway company information regarding its trains and the procuring of tickets and the checking of baggage before a train arrives upon which any such passenger intends to depart, but also that the patronizing public may know at what times during the day it can have access to the ticket office of any such company to transact such business. While it is shown that during a part of the time the window should have been opened appellant's agent was busy with other work, it is not shown that such work could not have been postponed until after the services required by the order had been rendered; nor does the record show that he was the only person to render such service. The most the record shows in this respect is that during the time the rule prescribed by the commission required the ticket window to be opened for the accommodation of the traveling public it was not open, and that the agent was doing something else.

It is asserted in the brief of counsel for appellant that if the order of the commission is to be construed as it has been construed by the commission to require that the ticket window at every station shall be open continuously for the period of one hour before the schedule time for arrival of each train at all the stations, regardless of the amount of business that may be done at such station, the order is void, because unreasonable and unjust. It may be that the application of the order to some stations of appellant in the state or to some stations of other railway companies in the state would be an unreasonable and unjust burden upon the railway company, where the volume of business is exceedingly small, and where there are but few passengers who depart from such stations and where the revenue received

Atchison, T. & S. F. Ry. Co. v. State.

from the business of such stations will not justify or require. the employment of more than one person to transact the business of the railway company at such a station, and yet the other duties and work imposed upon him to transact the business of said company would not permit him to attend to the ticket window and the baggage room for the period of one hour before arrival of any trains, as required by this order.    But the evidence in this case does not show that such a state of facts exists as to the station here involved.

It is also contended that the amount of the fine assessed by the commission is unreasonable and unjust, and that the order should be reversed upon this ground.    This contention, we think, also is without merit.    The statute empowers the commission, when it finds in any proceeding brought before it for that purpose that any railway company has violated one of its orders, to assess a fine against such company for any sum not to exceed $500 for such offense.    The statute has placed a limitation upon the power and discretion of the commission as to the kind of punishment and amount of the fine that may be imposed by the commission; and so long as the commission does not exceed this limitation, specifically imposed by the statute, where there have been no errors in the proceeding prejudicial to defendant, we think the court is without power to disturb the judgment of the commission assessing the penalty.

The judgment of the commission is affirmed.

All the Justices, except LOOFBOURROW and TURNER, JJ., not participating, concur.