## INDIAN TERRITORY ILLUMINATING OIL CO. et al. v. LEWIS et al.

No. 23458.    June 13, 1933.

Rehearing Denied Sept. 12, 1933.

Pierce, Follens & Rucker, for petitioners.

Foster & Roper and Herman Merson, for respondent.

WELCH, J. This is an original proceeding to review an award of the State Industrial Commission, wherein the employer and insurance carrier are petitioners, and the claimant and State Industrial Commission are respondents.

On December 31, 1930, the respondent, while employed by petitioner as an "oil switcher," his duties being that of gauging the flow of oil from producing wells on the lease belonging to petitioner and seeing that the oil went into the tanks and that the wells were making what they should, and that everything was all right on the lease. While he was engaged in the performance of such duties, and at about 11:30 or 11:45 p. m. on the night of December 31, 1930, a man appeared at the window of the employer's building on the lease in which claimant was working in the preparation of his reports, and commanded him to stick up his hands, and about the same time shot the claimant in the leg. The man who did the shooting had a handkerchief or rag over his face, and immediately after shooting claimant he came into the building with a companion, and the two bandits proceeded to search the persons of claimant and a fellow worker who was in the building at the time, at the point of a pistol, inquiring whether or not they had any money and threatening them. It appears the building in which the robbery occurred was used to house the boilers and pumping machinery of the employer, and the claimant had his bunk therein. It appears from the testimony that the bandits obtained no money from either victim, and took no property whatever save a pair of house shoes belonging to claimant and a package of cigarettes. There is no testimony that any effort was made to disturb or obtain any property belonging to the employer, nor was there any such property taken or disturbed. There is no evidence of any kind that the employer customarily kept any property of peculiar value at the place which might in any way be an inducement to robbery; only the usual tools, pipes, machinery, etc., customarily used in the operation of an oil lease were kept upon the premises.

The only question presented by this proceeding is whether or not the accident arose out of and in the course of employment.

There is no dispute as to the facts, and in such case the resulting application of the undisputed facts presents a reviewable question of law. Drumright Feed Company v. Hunt, 90 Okla. 277, 217 P. 491; Farmers Gin Company et al. v. Cooper et al., 147 Okla. 29, 294 P. 108.

In Baker v. State Industrial Commission, 138 Okla. 167, 280 P. 603, this court held in section 1 of the syllabus as follows:

"Under Comp. Stat. 1921, section 7285, a compensable accidental injury must disclose from its circumstances the existence of two essential elements: It must have resulted 'in the course of' employment and it must also have arisen 'out of' the employment. The absence of either of these essential elements destroys the application thereto of the beneficent provisions of the Compensation Law."

To the same effect is Farmers Gin Company et al. v. Cooper et al., supra.

In Ryan v. State Industrial Commission, 128 Okla. 25, 261 P. 181, the court in commenting upon this question said:

"The clause 'arose out of and in the course of employment' is in practically every Compensation Law that exists in the United States, as well as in the Compensation Law of England, and the identical question here presented has been before practically all the state courts of this country as well as the English court.

"The generally adopted rule is that the terms 'arising out of' and 'in the course of' are not synonymous, but are conjunctive terms; the words 'out of' referring to the origin and cause of the action, and the words 'in the course of' to the time, place, and circumstances under which it occurred, it being held almost universally that an accident may be 'in the course of' employment, and yet not 'arise out of' the employment.

But in order that a recovery might be had both conditions must exist"

—and:

"In cases of this kind, the burden of proof is upon the claimant to show by the evidence that the injury complained of was accidental, and that it arose out of and in the course of his employment. Associated Employers' Reciprocal v. Industrial Com., 83 Okla. 73, 200 P. 862; Tulsa Street Ry. Co. v. Shoemaker, 106 Okla. 99, 233 P. 182."

Syllabus 1 of the case announced the following principle of law:

"An injury does not arise out of the employment within the meaning of the Workmen's Compensation Act of the state of Oklahoma unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

In Consolidated Pipe Line Co. v. Mayhon, 152 Okla. 72, 3 P. (2d) 844, will be found an exhaustive discussion of the principles herein involved with copious citations of authorities. See, also, Okla.-Ark. Tel. Co. et al. v. Fries et al., 128 Okla. 295, 262 P. 1062. We shall not herein again enter into a lengthy review of the same principles and authorities. From these it may be seen that the principle of law announced in syllabus 1 in Ryan v. State Industrial Commission, supra, is well established.

It then remains for us to ascertain whether, under the undisputed facts in this case, the accident sustained by claimant herein resulted from a risk, reasonably incident to the employment, and unless it is apparent to the rational mind, upon consideration of all the circumstances, that there is a causal connection between the condition under which the work is required to be performed and the resultant injury, it will then become our duty to vacate the award. The evidence before the Commission was comparatively brief, and the resume of same herein contained is fairly complete. There can be nothing found therein which would sustain a conclusion that the injury in this case resulted from a risk reasonably incident to the employment, or that claimant in such employment was exposed to the hazard of robbery or assault with a deadly weapon any more than were other persons of the community in the conduct of their business or personal affairs.

Our attention is directed to other cases where the source of the injury came from without the actual employment, and cases where the force causing the injury arose or came from without the actual employment, and in many such cases it was held that the injury did arise out of and in the course of employment and was compensable. But an examination of all such authorities clearly indicates that such accidental injuries were held to be compensable for the reason that there was some causal connection between the accidental injury and the particular employment, or that there was some hazard or risk of such injury incident to the particular nature of the employment in question. From these authorities we observe that an injury may be compensable when caused by lightning or sunstroke or the like on account of the incident hazard or risk thereof. And that an injury inflicted by an employer or a fellow employee may likewise be compensable. And that injuries inflicted by third persons, not connected with the employment as an employer or fellow employee, may likewise be such as to be compensable where there is causal connection with the employment, or where the employee is injured as a result of his acts in caring for or preserving his employer's property with which he is at the time engaged in work. But no such condition exists in the instant case.

We, therefore, hold that the injury sustained by claimant did not arise out of and in the course of his employment by petitioner under the evidence in this case, and that the award of the State Industrial Commission herein is not reasonably sustained by competent evidence.

The award is vacated, with instructions to the State Industrial Commission to dismiss the claim.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. OSBORN, J., absent.