## CORDELL MILLING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 25877.    June 4, 1935.

As he emerged therefrom he was assaulted by a robber and received personal injuries for which he was awarded compensation under the Workmen's Compensation Act.

In this original action to review said order and award, one of the propositions of petitioners is that the injury was not sustained "in the course of and arising out of" the employment, so as to be compensable under section 13351, O. S. 1931.

To conserve space, reference is hereby made to the case of Stanolind Pipe Line Co. v. Tom F. Davis and the State Industrial Commission, decided on this date, 173 Okla. 190, 47 P. (2d) 163. Since the facts herein and the facts in that case are so nearly identical with respect to the principles of law involved, it is unnecessary to again announce that under such circumstances the injury did not arise "out of" the employment within the meaning of the Workmen's Compensation Act. For the announcement of the principles governing this decision, see that case, which is hereby held to be controlling on the issue here involved. Also I. T. I. O. Co. v. Lewis, 165 Okla. 26, 24 P. (2d) 647, with no sufficient difference in facts to alter the result in this case.

This opinion does not overlook the possibility that the robbery might not have occurred if claimant had not stopped to repair the truck. The same could be said in Stanolind Pipe Line Co. v. Davis, supra, if claimant therein had not been making ready to take the bull plug to the end of the pipe line at the instant the drunken assaulters happened to come along the road; and the same could be said in I. T. I. O. Co. v. Lewis, supra, if claimant had not been faced with the necessity of checking his records late at night when the robber appeared; and in Farmers Gin Co. v. Cooper, 147 Okla. 29, 294 P. 108, if claimant had not been traveling the highway to obtain a doctor's services to remedy a previous injury received in the employment, when he collided with another automobile, causing his second injury, which was held not to have "arisen out of" the employment, although within "the course of" the employment. In the latter case it was said:

"The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. * * * Did the last accident arise 'out of' the employment? We hold it did not, for it was not the result of the exposure occasioned by the nature of the employment, but, on

Butler & Brown, for petitioners.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, for respondents.

PHELPS, J. Cordell Milling Company (employer and petitioner), operating a flour mill at Cordell, Okla., sent W. L. Houk (employee and a respondent herein) to Duncan, Okla., with a truckload of flour. On the return trip darkness overtook him, the lights on the truck began "flickering," and he crawled under the truck to fix the the lights.

the other hand, it was the result of a condition common to the neighborhood—an ordinary automobile accident. It may just as well have been a bolt of lightning. It was not incidental to the character of the business in which claimant was employed. * * * There must be some causal connection between the injury and the employment, and if the injury is sustained by reason of some cause having no relation to the employment, it does not arise out of the employment. It is not enough that the injured person may have been present at the time of the accident because of his work, unless the injury is the result of some risk of the employment. * * * 'An award cannot be made where the accident results from the chances of life in general to which the injured person was exposed in common with all mankind rather than as an employee'."

This whole phase of the controversy is discussed in the three above-named cases, to which reference is hereby made. Upon those authorities, it being evident that although the injury in this case may have been sustained "in the course of" the employment, it did not "arise out of" the employment, there is no basis upon which we may affirm the award. Accordingly, the award is vacated.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.