## STANOLIND PIPE LINE CO. v. DAVIS et al.

No. 25851. June 4, 1935.

Rehearing Denied July 16, 1935.

Clay Tallman and T. W. Arrington, for petitioner.

C. L. Andrews, for respondent Davis.

PHELPS, J. Tom F. Davis, the respondent (claimant) was employed by Stanolind Pipe Line Company as a pipe line welder. His car was standing some 200 yards from the pipe line. It being near quitting time, he left the pipe line and approached his car with a "bull plug" which he was going to take to the end of the line and insert in the open pipe and then go on home.

Three drunken men approached in another automobile, alighted therefrom and attacked claimant, striking him in the back with a hammer, resulting in a fractured backbone. The attackers had formerly been employees of petitioner, but had recently been discharged. They imagined the claimant had reported them for stealing gasol ne, causing their discharge, but both the petitioner and the claimant deny that he had ever informed the petitioner of said theft, or that he knew anything about it. After the attack on claimant the drunken men found the night watchmen, whom they also attacked. It does not appear that the attackers destroyed or interfered with any property belonging to pet tioner. There is no evidence of any ill feeling against the petitioner on the part of the attackers, the basic cause of the fight appearing to be nothing but the combined effect of drinking and a fancied and self-manufactured grievance against the claimant. It does not appear why they attacked the night watchmen unless they also fancied the watchmen reported them for stealing gasoline. It is also uncertain, from the record, just how long they had been discharged; at any rate, they were not fellow employees.

The State Industrial Commission made an award to claimant under the Workmen's Compensation Act. In this original action by the employer to review said award, it is contended that the injury was not one "arising out of and in the course of his employment," within the meaning of section 13351, O. S. 1931.

In order for an accidental personal injury

to be compensable under the Workmen's Compensation Act, it must have been sustained not only "in the course of," but also "arising out of" the employment, and the two are not synonymous. The words "in the course of" refer to the time, place, and circumstances under which the accident occurred, and the words "arising out of" refer to the origin and cause of the accident and its connection with the employment. Both of these elements must exist, otherwise the injury is not compensable. Willis v. State Ind. Comm., 78 Okla. 216, 190 P. 92. The burden of proof is upon the claimant to establish the existence of both elements. Ryan v. State Ind. Comm., 128 Okla. 25, 261 P. 181.

It is unnecessary to consider the question of whether the injury was sustained "in the course of" the employment. After considering all of the Oklahoma cases on this subject, we conclude that the injury was not one "arising out of" the employment.

In Honnold's "Workmen's Compensation," vol. 1, section 101, it is said:

"The importance of distinguishing between these terms ('in the course of' and 'arising out of') arises from the fact that each represents an element essential to but not authorizing recovery of compensation without the presence of the element raised by the other. In other words, even though the injury occurred 'in the course of the employment' if it did not 'arise out of the employment,' there can be no recovery. * * * The character or quality of the accident as conveyed by the words 'out of' involves the idea that the accident is in some sense due to the employment. It must result from a risk reasonably incident to the employment."

There is little difficulty experienced in the normal, average case where the workman is injured by some act or misfortune directly connected with the employment. But trouble is often experienced on the other extreme, when the workman has been injured by reason of the act of some other person or as the result of some extraneous phenomenon of nature.

A review of the Oklahoma cases dealing with this particular subject may help to clarify the situation. We observe that on this "outer extreme" the cases in which it was held that the accident arose out of the employment all fall within one of three classes:

(1) Where the injury was sustained because of an act of the employer or a fellow employee;

(2) Where the injury was sustained while the injured employee was protecting the employer's property;

(3) Where the injury was sustained by reason of the employee's being placed, by the nature of his work, in a position or under circumstances subjecting him to a greater hazard of injury by lightning, sunstroke, storm or the like than other people in the same vicinity who are not engaged in such work; in other words, where the employment increased the danger of being injured by the lightning, sunstroke, etc.

### Cases in the First Group.

In Willis v. State Ind. Comm., 78 Okla. 216, 190. P. 92, it was held that the injury "arose out of" the employment where a workman who was sitting by an open fire during work hours was injured by the explosion of a dynamite cap which had been thrown into the fire by a fellow employee. The court stated, however, that if the claimant had been an active participant in such horseplay, he would not have been entitled to compensation, but that if, "while going about his duties he is a victim of another's prank, to which he is not in the least a party, he should not be denied compensation."

That case was shortly followed by Stasmos v. State Ind. Comm., 80 Okla. 221, 195 P. 762, wherein an assault by a fellow employee, under the facts in that case, was held to have arisen "out of" the employment. The language in that case to the effect that "an assault by a third party, or an assault of the employer arising out of and in the course of the employment, resulting in an injury and disability, is such an injury as comes within the Workmen's Compensation Law", should not be construed to mean that an assault by a third party is compensable regardless of whether it arose out of the employment, and such is not the law. That case does not so hold; it does say, and it is true, that an assault by a third party may cause a compensable injury if under circumstances "arising out of" the employment.

In Marland Refining Co. v. Colbaugh, 110 Okla. 238, 238 P. 831, an injury sustained by the prank of a fellow employee who threw a rock at claimant, the claimant being innocent of participation in the said horseplay, was held as having arisen out of the employment. The rule of "active participant" as announced in Willis v. State Ind. Comm., supra, was reannounced.

Oklahoma-Ark. Tel. Co. v. Fries, 128 Okla. 295, 262 P. 1062, held that the injury arose "out of" the employment, where the claimant was shot by the employer who had called her into the room and closed the door. The reasonable inference, it was said, was that the assault was the result of some controversy connected with the business, the controlling fact being that the employer caused the injury.

In Roxana Pet. Corp. v. State Ind. Comm., 134 Okla. 181, 272 P. 874, injury sustained by prank of a fellow employee, and in I. T. I. O. Co. v. Jordan, 140 Okla. 238, 238 P. 240, injury resulting from assault by a fellow employee, were held to have arisen out of the employment in accordance with the foregoing cases.

In the cases of Pawnee Ice Cream Co. v. Cates, 164 Okla. 48, 22 P. (2d) 347, and Pawnee Ice Cream Co. v. Price, 164 Okla. 120, 23 P. (2d) 168, the employer went insane, directed claimant to go into a boiler room, followed claimant there and then struck him. The insanity notwithstanding, since the injury was inflicted by the employer, it was held to have arisen out of the employment, on the authority of the above cases in this classification.

### Case in the Second Group.

Dillon v. Dillman, 133 Okla. 273, 272 P. 373, appears to be the only Oklahoma case where the injury was held "arising out of" the employment because of the employee's act of protecting the employer's property. Claimant was shot by a drunken man who had demanded employer's property and was refused by the claimant, prior to being shot.

### Cases in the Third Group.

Skelly Oil Co. v. State Ind. Comm., 91 Okla. 194, 216 P. 933, was the first of our storm, lightning, and sunstroke cases. Therein it was shown that the particular duties required of the workman placed him in a position where he would be more liable to sunstroke than others in the immediate vicinity, and for that reason it was held that his injury from sunstroke arose out of the employment. Similar holdings were made concerning sunstroke in Cowan v. Watson, 148 Okla. 14, 296 P. 974, and Lobert & Klein v. Whitten, 150 Okla. 72, 300 P. 636.

The same principle was involved and the same result reached in Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. (2d) 844, where claimant had been struck by lightning. The dissenting opinion in that case agreed with the rule of law, but differed with the majority from a belief that the facts were insufficient to warrant a conclusion that the injured workman was placed in a position of greater danger from lightning than were others in the same vicinity not engaged in the employment.

### Other Cases.

Our research develops that with the exception of one case, which is discussed below, this court has consistently held that the injury did not arise out of the employment in cases where the accident was not in some measure attributable to one of the three above-mentioned causes. Nor has the court always held that it arose out of the employment, even though the case should fall within one of those classifications, if some other necessary element was lacking. For instance, in Lucky-Kidd Mining Co. v. State Ind. Comm., 110 Okla. 27, 236 P. 600, compensation was denied because at the time of the injury the claimant was engaged on his own mission for his own purposes, under the following facts: His duties were to operate a mining hoist; he put a blacksmith to operating the hoist while he went into the mine and gathered wood for his own use. When he was brought to the surface on the hoist, the blacksmith pulled the wrong lever, which, instead of stopping the hoist, speeded it up and jammed claimant against the hoisting apparatus. And compensation was denied notwithstanding that the injury was sustained because of the act of a fellow employee, and while on the employer's premises using the employer's appliances and with the employer's permission.

Baker v. State Ind. Comm., 138 Okla. 167, 280 P. 603, a lightning case in which compensation was denied, does not conflict with Consolidated Pipe Line Co. v. Mahon, supra, because in the latter case it was held as a matter of fact that claimant was subjected to a greater peril than others in the vicinity, on account of his work, and in the former case the opposite conclusion of fact was reached.

The case of Town of Lindsay v. Sawyer, 156 Okla. 32, 9 P. (2d) 30, cannot be placed in either of the foregoing three classifications. Claimant was superintendent of the town's lighting plant. While on the way to the plant, to disconnect a pipe, he stopped on Main street and was conversing with a storekeeper about an appliance which

the storekeeper was making for the city; a small boy threw a toy torpedo on the sidewalk; it exploded, throwing a gravel in claimant's eye. Whether the injury arose out of the employment does not appear to have been seriously argued in that case, for the court said:

"The decisions of this court in Willis v. State Ind. Comm. et al., 78 Okla. 216, 190 P. 92; [and citing other cases], are controlling as to the facts in this case, and, under the rule therein stated, the prayer of the petitioners to vacate the award of the State Industrial Commission must be, and it is denied."

We can see no causal connection between the employment and the injury. Merely because the superintendent was talking about a matter in connection with his employment, or even if he had been present at the place of his actual duties, does not in itself establish that the injury arose out of the employment, for "it is not enough that the injured person may have been present at the time of the accident because of his work, unless the injury is the result of some risk of the employment." Farmers Gin Co. v. Cooper, 147 Okla. 29, 294 P. 108. It is difficult to apply to that case the reasoning and underlying principles of the cases upon which it is based, and the further citation of that case as authority on this particular point should be discouraged.

The latest opinion of this court on the particular point involved in the instant case is I. T. I. O. Co. v. Lewis, 165 Okla. 26, 24 P. (2d) 647, wherein the law in this respect was properly analyzed and announced. Claimant was an oil gauger. Late at night he was making up his records, in the employer's building. A robber appeared at the window, shot claimant in the legs, and then robbed him and other employees. In holding that this injury did not arise out of the employment, the opinion established and announced generally the classifications which we have herein attempted to emphasize. In that case we said:

"An injury does not arise out of the employment within the meaning of the Workmen's Compensation Act of the state of Oklahoma unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. * * * It then remains for us to ascertain whether, under the undisputed facts in this case, the accident sustained by claimant herein resulted from a risk reasonably incident to the employment, and unless it is apparent to the rational mind, upon consideration of all the circumstances, that there is a causal connection between the condition under which the work is required to be performed and the resultant injury, it will then become our duty to vacate the award. The evidence before the Commission was comparatively brief, and the resume of same herein contained is fairly complete. There can be nothing found therein which would sustain a conclusion that the injury in this case resulted from a risk reasonably incident to the employment, or that claimant in such employment was exposed to the hazard of robbery or assault with a deadly weapon any more than were other persons of the community in the conduct of their business or personal affairs. Our attention is directed to other cases where the source of the injury came from without the actual employment, and cases where the force causing the injury arose or came from without the actual employment, and in many such cases it was held that the injury did arise out of and in the course of employment and was compensable. But an examination of all such authorities clearly indicates that such accidental injuries were held to be compensable for the reason that there was some causal connection between the accidental injury and the particular employment, or that there was some hazard or risk of such injury incident to the particular nature of the employment in question. * * * We, therefore, hold that the injury sustained by claimant did not arise out of and in the course of his employment."

The instant case does not fall within any of the above three classifications, but it does fall exactly within the set of facts upon which I. T. I. O. Co. v. Lewis, supra, was determined. If it be assumed that claimant was injured "in the course of" his employment, which we do not here decide, still there is no fact whatsoever reasonably tending to sustain the finding that the injury "arose out of" the employment. If we assume that the claimant was engaged in performing his duties at the time he was injured, then so was the claimant in I. T. I. O. Co. v. Lewis. But that is not enough. See Farmers Gin Co. v. Cooper, supra.

It is true that from the evidence the Commission would be authorized in concluding that the drunken men had been employees of the petitioner and were motivated by a spirit of revenge against an act (claimant's reporting them) which, if it had existed, may have been in the line of claimant's duty. But the undisputed evidence is that claimant had not reported the men for stealing gasoline, and that he did not even know why they were discharged. Such is not sufficient

basis for the conclusion that the injury arose out of the employment, for a stronger basis was denied in Farmers Gin Co. v. Cooper, 147 Okla. 29, 294 P. 108, where the injury was sustained while on an automobile trip, with the employer's consent and on his time, for medical alleviation of an eye condition which **had** arisen out of the employment. The principles announced in that case, as summarized in the next paragraph, which we would necessarily violate if we should hold for the claimant here, have ever been the law in Oklahoma and are consonant with the decisions of other states and the opinions of text-writers, particularly Honnold, supra.

For an injury to have arisen "out of" the employment, it must be apparent to the rational mind, upon consideration of all the circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury. If it can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the employment, then it arises out of the employment. But the phrase excludes an injury which cannot be fairly traced to the employment as a contributing proximate cause and which comes from a hazard under which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and must be incidental to the character of the business. It must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence.

While it is true that the Workmen's Compensation Act should be liberally construed to afford every possible reasonable protection to the workman, there nevertheless is a limit beyond which such "construction" ceases to be liberal and becomes unbridled. The cases herein cited and quoted from recognized that the outer fringe of liability had already been reached, and to extend the doctrine further without just cause would make of the employer an absolute insurer, wholly contrary to the limitations imposed by the act. By that we do not mean to hold that in this peculiar class of cases there can be no liability unless the facts of the particular case bring it within one of the three classifications herein recognized. They are not exclusive. But it is apparent that any such new classification must reasonably conform to the well-settled requirements reviewed herein.

Being unable to conclude as a matter of law that the injury herein involved "arose out of" the employment, wherefore a very essential element of liability was wholly lacking, we are likewise unable to affirm the award, and it is hereby vacated.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.