COON v. MORTON et al.

No. 29421. April 15, 1941.

Rehearing Denied May 13, 1941.

*113 P. 2d 192.*

F. Leonard Sibel and Byron E. Mc-Fall, both of Oklahoma City, for petitioner.

W. P. Morrison and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by J. G. Coon, doing business under the name and style of Coon Reel Oven Manufacturing Company, hereinafter referred to as petitioner, seeking to vacate an award made in favor of W. M. Morton, hereinafter referred to as respondent.

On the 1st day of November, 1938, the respondent filed his first notice of injury and claim for compensation therein stating that while employed in its plant in Oklahoma City he sustained an accidental injury.

The evidence discloses that respondent was injured when he sustained disfigurement and other injuries in an automobile accident on the highway near Purcell, Okla. He cut his chin, broke his arm, and claims also to have suffered an eye injury.

An award was made which it is not essential to examine, since the petitioner raises no question as to the nature and form of said award. The questions presented are: (1) Was the employment of respondent hazardous? (2) Did the accidental injury arise out of and in the course of respondent's employment? Respondent was an employee engaged in setting up, installing, repairing, and servicing Hydro Carbon Gas Plants known as Butane units manufactured by the petitioner. Respondent was on his way back to Oklahoma City from Sulphur, Okla., alone in a company truck. Respondent stated that while on his way back, after having repaired a plant regulator at a schoolhouse southwest of Sulphur, Okla., he stopped at a house off the highway to attempt to sell a Butane unit. The prospective purchaser was not at home, and he had returned to the highway leading to the main highway, and was on his way back to Oklahoma City when the automobile accident occurred.

Answering the proposition that the respondent was a traveling salesman, the employment of the respondent was in one of the lines, industries, and trades covered by the Workmen's Compensa-

tion Law. Sections 13349 and 13350, O. S. 1931, 85 Okla. St. Ann. §§ 2 and 3. If he was doing something incident to and connected with his employment, the fact that he was trying to sell a Butane plant would not change his employment to that of a traveling salesman. Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P. 2d 98; Wilson v. Musgrave, 180 Okla. 246, 68 P. 2d 846; Heinz & Co. v. Wood, 181 Okla. 389, 74 P. 2d 353; Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63. We therefore hold that he was not a traveling salesman, but was an employee engaged in manual and mechanical labor.

It is argued that at the time of the injury he was not employed, but had departed from his employment, and therefore the injury did not arise out of and in the course of the employment. We have a direct conflict in the testimony in this regard. Petitioner states that he directed the respondent to go to Sulphur, Okla., repair a plant regulator and return at once to Oklahoma City, while respondent asserts that it was part of his duties to try to sell units, and thinking he could sell one, he attempted to make the sale, and was returning from the attempted sale when he was injured. As stated in Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. 2d 647, an injury arises out of and in the course of the employment when there is some causal connection between the employment which the employee is hired to do and the accidental injury which occurred. This court has had occasion in numerous cases to point out the distinction between an employee who goes to and from work and to and from his home and one who goes to and from a place at the direction of and under the control of the employer. Tom Dolan Heating Co. v. Feverston, 181 Okla. 198. 73 P. 2d 115; Indian Territory Illuminating Oil Co. v. Whitten, 150 Okla. 303, 1 P. 2d 756; Motor Equipment Co. v. Stephens, supra. See, also, Oklahoma Gas & Electric Co. v. Stout, 179 Okla.

312, 65 P. 2d 477. The burden was on the petitioner to prove that the respondent had left his employment, since it is admitted by the petitioner that respondent was his employee. Palmer v. Bassett, 186 Okla. 5, 95 P. 2d 872. Considering the conflict in the testimony, we hold that the petitioner did not meet the burden to prove that the respondent was no longer in his employ at the time of the accident. There was sufficient evidence to justify the Industrial Commission in finding that the respondent was injured while doing something incident to and connected with his employment.

The award is sustained.

RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS and GIBSON, JJ., dissent. CORN, V. C. J., absent.