INTERNATIONAL HARVESTER CO.

v.

HARRIS et al.

No. 36131.

Supreme Court of Oklahoma.

June 29, 1954.

Rehearing Denied July 28, 1954.

Ames, Daugherty, Bynum & Black, Oklahoma City, for petitioner.

Wise & Liebel, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

The claim herein was filed by Herndon E. Harris and Emma Mae Harris, parents of Edwin Herndon Harris who died as the result of an automobile accident March 13, 1953, death occurring March 14th following the accident. The State Industrial Commission entered an award under the death benefit provisions 85 O.S.1951 § 22 et seq. and petitioner has brought this proceeding to review the award.

The evidence discloses that Edwin Harris was employed by petitioner and had worked in its office prior to three weeks preceding the accident but for these three weeks prior to his death was employed in what was described by petitioner as sales promotion. His duties required him to go to dealers having contracts with petitioner and demonstrate its trucks, plows and machinery to prospective customers of the dealers. In these demonstrations the machinery sold by the petitioner would sometimes be taken to the farm or sometimes displayed on an open lot as the occasion required. While so engaged in Rogers County, Oklahoma, he was returning from a place where he had demonstrated tractors, trucks and equipment when he was struck by an automobile and died following the injury.

Petitioner first argues that the employment of Edwin Harris was not hazardous and cites, McQuiston v. Sun Company, 134 Okl. 298, 272 P. 1016; Padfield v. Atlas Supply Co., 167 Okl. 364, 29 P.2d 958; Russell Flour & Feed Co. v. Walker, 148 Okl. 164, 298 P. 291. We are of the opinion that the employment of Edwin Harris was hazardous within the meaning of the rule announced in Nash Finch Co. v. Harned, 141 Okl. 187, 284 P. 633; H. J. Heinz Co. v. Wood, 181 Okl. 389, 74 P.2d 353, and Sowinski v. State Industrial Commission, 197 Okl. 240, 169 P.2d 752. In these latter cases it is pointed out that under 85 O.S.1951 § 3, hazardous employment includes the employees engaged in the lines and industries mentioned in subdivision 2, clerical workers being excluded. In H. J. Heinz Co. v. Wood, supra, the rule was applied to a fact situation very similar to that in the case under consideration. Therein the facts are dissimilar only in that the location of the work of the employee was dissimilar. The claimant therein set up displays in retail grocery stores while the injured employee herein established contacts for retail stores at places generally in the country. In a sense both were engaged in "sales promotion" in that they both hoped their efforts would be the occasion of increased sales for their employers. The difference in the employment in each case is without legal significance. The evidence is sufficient to sustain the finding that the employment was hazardous.

Petitioner next argues that there is no competent evidence reasonably tending to support the finding that the accidental injury arose out of and in the course of the employment. In Magnolia Pipe Line Co. v.

Black, 194 Okl. 355, 151 P.2d 799, 800, it is stated:

"An injury to a workman may be said to arise out of the employment, within the meaning of the Workmen's Compensation Law, 85 O.S.1941 § 1, et seq., when it is apparent, from a consideration of all of the circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury."

 Petitioner cites Indian Territory Illuminating Oil Co. v. Lewis, 165 Okl. 26, 24 P.2d 647; Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163, and Cordell Milling Co. v. State Industrial Commission, 173 Okl. 195, 47 P.2d 168, 169. In each of these cases it was held that an assault by a stranger or third person would not constitute an accidental injury arising out of and in the course of the employment. In Cordell Milling Co. v. State Industrial Commission, supra, paragraph four of the syllabus is as follows:

"Assault by a third party, who is neither the employer nor a fellow employee, may become a compensable injury under the Workmen's Compensation Act if it occurs under circumstances otherwise reasonably connected with the employment. But, if the connection with the employment is lacking, then the fact that the injured employee happened to be working at the time of the injury will not in itself support a finding that it arises 'out of' the employment. Stanolind Pipe Line Co. v. Davis [173 Okl. 190], 47 P.2d 163."

This court has several times held that an employee injured by reason of an automobile accident in going to or from a place at the direction of the employer sustains an accidental injury arising out of and in the course of the employment. Tom Dolan Heating Co. v. Feverston, 181 Okl. 198, 73 P.2d 115; Coon v. Morton, 189 Okl. 40, 113 P.2d 192. The finding of the State Industrial Commission that the accidental injury arose out of and in the course of employment is supported by the evidence.

 Finally it is argued that the finding that claimants are dependents is not supported by the evidence. The evidence in this respect discloses that over a period of three and one-half years the claimants were permitted to withdraw from the bank account of Edwin Harris the sum of $1,-000.00 for the support of claimants; that on each week-end he would expend for groceries for the claimants $18.00 or $20.00. Under the rule announced in Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931, and G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056, this evidence supports the finding that claimants are dependents. In G. I. Construction Co. v. Osborn, supra, it is stated:

"A finding by the State Industrial Commission of dependency under the Death Benefit provision of the Workmen's Compensation Act will not be disturbed on review where such finding is reasonably supported by competent evidence."

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.