**BAASH–ROSS TOOL COMPANY, a corporation, and Liberty Mutual Insurance Company, a corporation, Petitioners,**

v.

**STATE INDUSTRIAL COMMISSION, and Winnie A. Hawkins, surviving widow of Johnnie M. Hawkins, deceased, Respondents.**

No. 36879.

Supreme Court of Oklahoma.

Nov. 8, 1955.

660

Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, for petitioners.

George E. Fisher, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Winnie. A. Hawkins, hereinafter called claimant, filed her claim for compensation under the Death Benefit Provisions of the Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq., stating that her husband, Johnnie M. Hawkins, hereinafter called deceased, died October 27, 1954, following an accidental injury arising out of and in the course of his employment with Baash-Ross Tool Company, employer, on August 4, 1954. An award was made to claimant for the full amount allowed under the statute. This proceeding is brought by the employer

and the Liberty Mutual Insurance Company, hereinafter called petitioners, to review the award.

The record discloses that Johnnie M. Hawkins, deceased, was employed by the employer as an expert technician engaged in cleaning out oil and gas wells. A few days prior to August 4, 1954, he was sent by the manager of the employer to well No. 5 on the Winona Lease near Tulsa, Oklahoma, to remove some pipe therefrom. The well was owned and operated by the Oklahoma Natural Gas Company. He had been engaged in the employment for four or five days. He was furnished a Tudor Sedan with the back seat removed and a box for tools and equipment placed therein. He stayed at rooming places, or sometimes motels, and lodging and meals were paid for by the employer. The expense of the car, including oil, gas and repairs, was also paid by the employer. James M. South, an employee of another company, was assisting him in removing the pipe. Both deceased and South were technicians in charge of men employed under them.

W. J. Cooper, superintendent of the employer, testified there were seven men to do work similar to that of deceased; that they were sent on a job to stay until it was completed. Deceased and South had closed down the work for the night and in separate cars were on their way to a cafe where they intended to eat. About three miles from the cafe the car driven by deceased collided with one driven by a woman. The collision occurred between 6:30 and 7:00 P.M. Deceased remained with his car and South took the parties in the other car to a hospital in Tulsa, and returned to the scene of the accident. Deceased and South then went to another cafe because the one to which they were going had closed for the night in the meantime. After finishing their meal they spent the night at a motel where South had a room. They returned to the well the next morning at approximately 7 o'clock. Cooper testified that deceased never returned to work as a regular employee. He was kept on the payroll by order of the manager. On October 26, 1954, he was operated for a brain tumor, and on October 27th thereafter died without regaining consciousness.

In the first proposition petitioners state:

"That the said order was not supported by any competent evidence, and is contrary to the law and the evidence."

Under this heading petitioners argue exclusively the failure to give the statutory written notice under 85 O.S.1951 § 24, and the finding of the State Industrial Commission made thereon. The finding is as follows:

"That claimant and deceased are excused from giving the written 30 day notice for the reason that respondent had actual knowledge of said accident and respondent was not prejudiced by such failure to give the 30 days' notice."

Petitioners cite Producers Pipe & Supply Co. v. Clevenger, 198 Okl. 601, 180 P.2d 667, in which this court remanded the cause to the State Industrial Commission for failure to excuse the giving of the statutory written notice on the statutory grounds. Therein we recognized the rule stated in Fischer-Kimsey Co. v. King, 196 Okl. 92, 162 P.2d 519, 521, wherein we stated:

"We therefore hold that when the State Industrial Commission has made the finding excusing the giving of the statutory written notice on the ground that the employer or the insurance carrier, as the case may be, has not been prejudiced by failure to give the statutory written notice and there is competent evidence reasonably tending to sustain the finding an award based thereon will not be disturbed simply because the trial commissioner, or the State Industrial Commission on appeal, as the case may be, has made a finding that the employer, or the insurance carrier, had had 'actual notice' of the injury."

■ ▪ The evidence discloses that after the date of the accidental injury on August 4, 1954, deceased was unable to perform the duties formerly performed by him. He finally quit work on or about August 14, 1954, and was thereafter hospitalized following which the operation was performed as above stated, after which he died. In

Massachusetts Bonding & Ins. Co. v. Welch, 195 Okl. 636, 159 P.2d 1017, it is stated:

"Under the provisions of 85 O.S.1941 § 24 the State Industrial Commission is authorized to excuse the giving of the statutory written notice provided therein; and if there is any competent evidence sustaining the finding of the State Industrial Commission that the employer has not been prejudiced by failure to give the statutory written notice, a finding thereon will not be disturbed on review."

■ There is competent evidence reasonably tending to support the finding of the State Industrial Commission excusing the giving of the statutory written notice.

■ In the second proposition petitioners argue that the State Industrial Commission was not justified in finding that deceased sustained an accidental injury arising out of and in the course of his employment. This is a question of fact. In the testimony offered by witnesses South and Cooper it is disclosed that deceased was sent by the manager of the company to remain on the job until the work on the well was completed. Both witnesses testified that in such circumstances emergencies often arose by reason of which it was necessary to sleep and eat at the convenience of the work to be performed. This, together with other facts and circumstances, is sufficient to sustain the finding of the State Industrial Commission that the accidental injury arose out of and in the course of employment. In International Harvester Co. v. Harris, Okl., 272 P.2d 1046, 1048, in considering a somewhat similar situation, we stated:

"This court has several times held that an employee injured by reason of an automobile accident in going to or from a place at the direction of the employer sustains an accidental injury arising out of and in the course of the employment. Tom Dolan Heating Co. v. Feverston, 181 Okl. 198, 73 P.2d 115; Coon v. Morton, 189 Okl. 40, 113 P.2d 192. * * *"

■■ In Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018, it is stated:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

Finally, it is argued that there is no competent evidence reasonably tending to support the finding that the disability resulted from any accidental injury. Petitioners rely principally upon the fact that deceased did not at once assert an injury.

■ The testimony later developed from medical experts discloses that any injury at the time was unknown to deceased. However, he afterwards gave a statement to Dr. A C L who performed the operation for the tumor. Therein he stated that he sustained a blow on his head when the collision occurred. This doctor testified, in effect, that in his opinion, taking the history given him by the deceased, the accidental injury of August 4, 1954, aggravated a latent brain tumor and the effect of the testimony of the doctor is that this caused the death of deceased. In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, we said:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

■ There is competent evidence reasonably tending to support the finding that deceased sustained an accidental injury resulting in his death on October 27, 1954.

Award sustained.