**Doyle S. COX, Petitioner,**

**v.**

**William E. COX, doing business as A & A Plate Glass Company, Hartford Accident and Indemnity Company and the State Industrial Court, Respondents.**

**No. 39953.**

Supreme Court of Oklahoma.

Dec. 18, 1962.

Rehearing Denied March 12, 1963.

Carroll Samara and Harry Neuffer, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Mac Q. Williamson, Atty. Gen., Oklahoma City, for respondents.

JOHNSON, Justice.

On February 20, 1961, Doyle S. Cox, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by William E. Cox, doing business as A & A Plate Glass Company, he sustained an accidental injury on January 10, 1961. An award was denied by the State Industrial Court, and this proceeding is brought by the claimant against the employer and Hartford Accident and Indemnity Company, insurance carrier, to review the order denying the award.

Claimant was a glazier whose duties as such were to install plate glass. In addition to these duties, he assisted his brother, the owner of A & A Plate Glass Company, in collections, depositing money and in helping in other duties.

Claimant testified that on January 10, 1961, between five and six o'clock p. m., he went to his brother's apartment approximately six blocks from the shop. He was driving his employer's car. He picked up some blueprints of a job employer was considering and returned to the automobile and was accosted by three men, sustaining seri-

ous injuries. He testified he did not know who the men were, although he thought he recognized one as Curtis. He stated he knew of no reason for the attack. He was able to escape by backing the car out of the driveway.

A policeman testified that claimant's two younger brothers had been in a fight on the night of January 9, 1961, and that this fight was with one of the Curtis boys. This officer testified Curtis did not want to press charges against the two young brothers and stated he would settle it in his own way, out of court.

Claimant first argues there is no competent evidence reasonably tending to support the finding of the State Industrial Court. He argues that the evidence is undisputed that the accidental injury occurred during the employment and that by reason of presumption arising under 85 O.S.1961 § 27, having established that the injury occurred during the employment, the burden was on the respondents to show it did not arise out of and in the course of employment.

▄▄▄ In Indian Territory Illuminating Oil Co. v. Lewis, 165 Okl. 26, 24 P.2d 647, claimant, as was his custom, had returned at night to the premises of the employer and was engaged in making up the records when he was shot after resisting a robbery directed against him personally. In Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163, claimant was assaulted by former employees by reason of a personal grudge. In both of these cases it was held the accidental injury did not arise out of and in the course of the employment. In Stanolind Pipe Line Co. v. Davis, supra, we said:

"An injury 'arising out of' the employment, within the meaning of the Workmen's Compensation Act, must have resulted from a risk reasonably incident to the employment. There must be apparent to the rational mind, upon consideration of all the circumstances, a causal connection between (1) the conditions under which the work is required to be performed and (2) the resulting injury."

In Cordell Milling Co. v. State Industrial Commission, 173 Okl. 195, 47 P.2d 168, an employee of a flour mill sent by the employer to deliver supplies was assaulted by a robber. This court likewise held that the accidental injury did not arise out of and in the course of the employment.

Claimant cites Jake Samara, d/b/a Sussy's No. 1 Restaurant et al. v. Lusk, Okl., 364 P.2d 1113, and Peter Kiewit Sons' Co. v. Industrial Commission of Arizona et al., 88 Ariz. 164, 354 P.2d 28. In Samara v. Lusk, supra, the employee was entrusted with and protecting a substantial sum of money belonging to his employer. In Peter Kiewit Sons' Co. v. Industrial Commission, supra, claimant was discharged at the request of a highway inspector and the assault by the inspector at a later date was connected with this discharge on request of the inspector.

In Brantley v. State Industrial Commission et al., Okl., 315 P.2d 779, it is stated:

"Although there are cases to the contrary which perhaps announce the majority rule insofar as the number of cases is concerned, see 112 A.L.R. 1262 et seq. and annotations prior thereto, our court has adopted the rule that an employee who sustains an accidental injury due to assault by a third person does not sustain an accidental injury arising out of and in the course of the employment if the assault is personal to the employee. Each case cited by claimant may be distinguished by a finding or evidence that the person who assaulted the particular claimant did so by reason of something connected with the business of the employer. See Dillon v. Dillman, 133 Okl. 273, 272 P. 373, where claimant was attempting to protect the property of employer. Yellow Cab Co. v. Wills, 199 Okl. 272, 185 P.2d 689; Royster v. McCoy, Okl., 293 P.2d 587, and other cases cited by claimant can likewise be distinguished."

In Magnolia Petroleum Co. v. State Industrial Commission, Okl., 361 P.2d 477, it is stated:

"* * * The burden of proving that the injury was accidental and arose out of and in the course of his employment must be met by claimant. This is a clear and positive rule."

Under the rule announced in the above cases the State Industrial Court was authorized to make the finding that the accidental injury did not arise out of and in the course of the employment.

Order denying award sustained.