**Glenda WALK, Petitioner,**

**v.**

**S. C. ORBACH CO., American Surety Co., and the State Industrial Court, Respondents.**

**No. 40726.**

Supreme Court of Oklahoma.

June 30, 1964.

848

B. E. Bill Harkey, E. W. Keller, Oklahoma City, for petitioner.

. George F. Short, II, Melvin F. Pierce, Oklahoma City, for respondents.

BERRY, Justice.

This original proceeding is brought to review an order entered by the Industrial Court en banc affirming and adopting the trial judge's order denying petitioner's claim for compensation for the reason such claim did not arise out of the employment with the respondent.

The amended Form 3 set forth that while employed as a salesclerk by the respondent's Penn Square store, petitioner had sustained an acute lumbosacral sprain, sprained coccyx and possible bilateral femoral hernia arising out of and in the course of her employment with respondent. Injury was alleged to have resulted when petitioner was thrown against the side of a moving automobile during the course of an attempted purse snatching by unidentified assailants.

The amended answer denied generally and specifically that petitioner had sustained accidental injury or any resulting disability by reason of an accidental personal injury arising out of and in the course of employment with this respondent.

Petitioner, employed by respondent as a salesclerk, ordinarily worked from 9:30 A. M. until 6:00 P.M. or from 11:30 A.M. until 9:30 P.M. at respondent's store in the Penn Square Shopping Center. On December 17, 1962, petitioner finished work in her department, went by the office to check out and about 6:15 walked from the store toward the portion of the parking lot where employees parked their cars. Petitioner testified concerning the occurrence resulting in accidental injury as follows:

"A. I left the department, I went by the office to check out, walked out the north door to the parking lot, where the employees are to park, I was headed that away, and a car drove up behind me, to my left, and I just looked back in time to see a boy reach out with his right arm and caught my purse and I had my hands locked in front of me and I ran to keep my feet from the back of the right tire and it throwed me into the side of the car, and when I didn't let go, they dropped me to the pavement.

"Q. You were headed where?

"A. Straight north, to the employees parking lot.

"Q. Was there an area there—this happened in Penn Square?

"A. Yes sir.

"Q. That is the parking area?

"A. The employees parking area, behind the blue line.

"Q. Were you required to park in that area if you worked there?

"A. Yes sir. * * * "

Following her accident, petitioner returned to the store and advised the assistant manager of the store and the store detective what had occurred. She continued employment until January 15, 1963, when she quit working because of debility resulting from injuries to her left leg, hip and coccyx bone.

On cross-examination petitioner testified that all employees engaged by the various companies or businesses in the Penn Square Center were required to park within a particular parking area. This area was a square indicated by a blue line painted upon the pavement. No particular part of the Square was designated for respondent's employees. Originally petitioner was not advised where to park and the designation of the parking area took place about two years prior to her accident.

There was additional evidence bearing upon the nature and extent of this petitioner's injuries.

The trial judge entered an order June 20, 1963, finding petitioner was in respondent's employ, covered by compensation and at wages sufficient to fix compensation at the maximum rate. The trial judge's order further found:

"That Claimant was assaulted and injured by a third party on the way to the parking low after closing hours of respondent and that claimant's claim is denied for the reason that the injury did not arise out of the employment with the respondent. * * * "

Based upon the quoted finding petitioner's claim for compensation was denied.

Petitioner thereafter appealed to the Industrial Court en banc from the order entered. On October 1, 1963, that Court entered an order adopting and affirming the trial judge's order. The present proceeding seeks reversal of the order of the Industrial Court and asks that petitioner be awarded temporary total compensation and medical treatment in accordance with the medical evidence.

In presentation to this Court, petitioner urges the following propositions:

"Claimant received her injuries while on the premises controlled by her employer and within a reasonable time after working hours; her injuries did arise 'out of and in the course of' her employment."

"Fact that injury is result of an assault by a third person does not prevent claim from being compensable."

■   As respects petitioner's second contention, it may be admitted that our decisions support the rule that an injury which results from willful or criminal assault may be compensable within the meaning of the Workmen's Compensation Act. See Town of Granite v. Kidwell, Okl., 263 P.2d 184. This rule, however, is subject to limitations which have been expressed in some of our past decisions.

In Indian Territory Illuminating Oil Co. v. Lewis, 165 Okl. 26, 24 P.2d 647, an employee on an oil lease injured during course of a robbery was awarded compensation. In vacating such award and dismissing the claim, the Court recognized that there must exist some causal connection between the injury and the employment or some risk of injury incident to the particular nature of the employment, and in Syllabus 4 stated this rule:

"4. An injury does not arise out of employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk rea-

sonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163, involved a claim for compensation for injury resulting from attack committed by drunken assailants. In vacating an award of compensation we recognized that a compensable injury may result from an assault if occurring under circumstances reasonably connected with the employment. However, this rule is subject to the following limitation expressed in Syllabus 4:

"* * * But, if the connection with the employment is lacking, then the fact that the injured employee happened to be working at the time of the injury will not in itself support a finding that it arose 'out of' the employment."

In the Davis case the Court reviewed a number of decided cases and classified each case as belonging in one of three enumerated groups of cases categorized as: (1) where injury is sustained by act of employer or fellow employee, as typified by Willis v. State Industrial Commission, 78 Okl. 216, 190 P. 92, wherein injury resulting from fellow employee having thrown dynamite cap into a fire was held to have arisen "out of" the employment; (2) cases where injury results from employee's efforts to protect employer's property as in Dillon v. Dillman, 133 Okl. 273, 272 P. 373, where claimant was shot by drunken man upon refusal of that person's demand for employer's property; (3) cases in which it appears that particular duties of injured claimant placed him in a position where injury was more likely to result, as in Skelly Oil Co. v. State Industrial Commission, 91 Okl. 94, 216 P. 933, said to be the first of the sunstroke, storm and lightning cases.

But, Stanolind v. Davis, supra, also reflects recognition of a fourth category described as "other Cases", as typified by the decision in I. T. I. O. v. Lewis, supra. The opinion notes the failure to fall within the three enumerated classifications but specifically declares the case to be governed by the Lewis case for the reason that, assuming without deciding that Davis had been injured "in the course of" his employment, nevertheless no fact reasonably tended to sustain the finding that claimant's injury "arose out of" his employment. In the body of Stanolind Pipe Line Co. v. Davis, supra, 47 P.2d at p. 168, the Court said:

"For an injury to have arisen 'out of' the employment, it must be apparent to the rational mind, upon consideration of all the circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury. If it can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the employment, then it arises out of the employment. But the phrase excludes an injury which cannot be fairly traced to the employment as a contributing proximate cause and which comes from a hazard under which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and must be incidental to the character of the business. It must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence."

Cordell Milling Co. v. State Ind. Comm., 173 Okl. 195, 47 P.2d 168, was decided on the same date and upon the same authority as the Davis case for the conclusion reached. A truck driver who was assaulted by a robber while driving a truck on a return trip for the employer was held not to have received injury which "arose out of" his employment. The reasoning was that the assault was motivated entirely and exclusive-

ly by an indiscriminate mission of robbery and the nature of the employee's work did not subject him to a greater hazard of robbery than other travelers on the highway.

In Brantley v. State Ind. Comm., Okl., 315 P.2d 779, the rule in Stanolind Pipe Line Co. v. Davis, supra, was followed. The syllabus in the Brantley case states:

"An injury 'arising out of' the employment, within the meaning of the Workmen's Compensation Act, must have resulted from a risk reasonably incident to the employment. There must be apparent to the rational mind, upon consideration of all the circumstances, a causal connection between (1) the conditions under which the work is required to be performed, and (2) the resulting injury. Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163."

In Samara d/b/a etc., v. Lusk, Okl., 364 P.2d 1113, injury received by claimant while protecting the employer's property was held to arise "out of and in the course of" the employment.

In Cox v. Cox, etc., Okl., 379 P.2d 704, an order denying compensation to claimant for injuries received as the result of unprovoked assault was sustained upon the authority of Stanolind Pipe Line Co. v. Davis, supra, upon the ground the injury did not arise out of and in the course of employment.

The principles to be deduced from the decided cases above reviewed provide ample authority for the conclusion reached herein. For injury to "arise out of" the employment requires that the occurrence result from a risk which is reasonably incident thereto and to be causally connected therewith. The injury must arise out of risk which is in some manner peculiar to the work in which the employee is engaged and not out of some risk to which the employee would be exposed aside from consideration of the employment. Injury which results from a risk which is not incidental to the business involved, and which cannot be classified as peculiar to the work does not "arise out of" the employment.

Petitioner urges she was required to walk to and from her car every day to perform her duties which subjected her to assaults from purse snatchers to an abnormal degree, inasmuch as the average person would not have occasion to frequent the parking area so regularly. This argument is advanced in view of the language in Cudahy Packing Co., etc. v. Parramore, 263 U.S. 418, 44 S.Ct. 153 at p. 154, 68 L.Ed. 366, 30 A.L.R. 532, which was quoted in the Swanson v. General Paint Co., Okl., 361 P.2d 842 case. And in view thereof it is asserted that the injury arose out of and in the course of the employment because of the requisite elements of time, place and causal relationship, the petitioner thereby being subjected to the hazard in an abnormal degree.

The argument cannot sustain the contention relative to the employment. Nothing shows the risk or hazard under which petitioner allegedly labored to have been peculiar to the work. Neither does it appear that the attempted assault was any more common near this parking lot than it was in the entire area. In Larson's Workmen's Compensation Law, Vol. 1, Sec. 11:11(b), the text points out that a claimant is not required to prove both that the environment increased the risk, and that the attack producing injury was motivated by something related to the employment, because showing of either is sufficient to establish a causal link. But, in no case does it appear that claim for compensation can be sustained where neither of these elements is present.

The order denying compensation is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.