Feda v. Cudahy Packing Co.

MIKE FEDA, APPELLEE, v. CUDAHY PACKING COMPANY, APPELLANT.

FILED JANUARY 21, 1918.   No. 20392.

Master and Servant: WORKMEN'S COMPENSATION ACT: LIABILITY. Under the facts set forth in the opinion, *held* that the plaintiff's deceased did not come to his death by "accident arising out of and in the course of his employment."

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Reversed, and action dismissed.*

*C. W. Sears,* for appellant.

*Weaver & Giller, contra.*

LETTON, J.

Action under workmen's compensation law. John Feda was employed by the defendant as a trucker. His duties were to take trucks loaded with meat from the fourth floor of the packing house to the trimmers' bench on the fifth floor, using an elevator between the floors. The trucks were there unloaded, and it was Feda's duty to return to the lower floor with the empty truck, where a loaded truck would be ready for him to take up.

On the day of the accident the elevator man, Verbeck, and Feda were playing with each other on the elevator, and Feda had taken hold of Verbeck between the legs. When Feda took the truck off at the fifth floor and set it at the bench, Verbeck chased him and took hold of him in the same manner. He ran back to the elevator with Feda immediately in pursuit. The elevator bell rang, and Verbeck ran upon and started it downward. Feda also ran upon it, but, finding it was going down, he turned and tried to jump back upon the fifth floor, when the top of the descending elevator caught him, inflicting fatal injuries. His father seeks compensation as a dependent. The court entered judgment against the defendant and it appeals, upon the grounds: First, that the death was not caused by an accident arising out of and in the course of the employment of Feda; second, that the injury was the direct result of decedent's wilful negligence in attempting to leave the moving elevator; and, third, that the court erred in finding that the plaintiff was partially dependent upon deceased at the time of his death.

Did the accident arise "out of and in the course of the employment?" Rev. St. 1913, sec. 3650. It was

no part of Feda's duties to return to the elevator without the truck or to run after Verbeck, and he abandoned his work in order to do so. It is argued that, though this may be conceded, the moment that Feda turned and attempted to get out of the elevator he became engaged in the course of his employment, and, the accident happening at this time, brought the case within the statute. If Feda had been attending to his regular duties, he would not have entered the elevator without the truck in the manner and at the time he did, and it would have been unnecessary for him to return. He ran upon it carelessly and attempted to leave it in a reckless and careless manner. The undisputed testimony shows that playing and scuffling in working hours was strictly forbidden, and that, if seen by the foreman, men engaged in it were discharged.

The right of recovery in such a case is purely statutory, and, unless the plaintiff has brought the case within the statute, he cannot succeed. The case is distinguishable from those where the person injured was the innocent victim of horseplay by another workman, since Feda was the original aggressor. The vital facts in the case are not in controversy, and it seems clear to us that there can be no liability, since the accident did not arise out of and in the course of the employment. *Pierce v. Boyer-Van Kuran Lumber & Coal Co.*, 99 Neb. 321. See, also, L. R. A. 1916A, 47, note 93, and p. 240, note 17*a*.

"Wilful" negligence is defined in the statute as "such conduct as evidences reckless indifference to safety." Rev. St. 1913, sec. 3693, subd. *d*. The elevator had descended a distance variously estimated at from two to four feet and was still moving before the deceased tried to leave it by jumping or climbing out upon the floor which it had left. Under section 3668, Rev. St. 1913, relating to wilful negligence, the right to recover may be seriously doubted, even if the accident had arisen out of or in the course of the

employment; but in the view we have taken of the other proposition it is unnecessary to so decide.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

SEDGWICK, J., not sitting.