ELIZABETH URAK, APPELLANT, V. MORRIS & COMPANY, APPELLEE.

FILED JANUARY 13, 1922.   No. 22208.

1. **Master and Servant:** WORKMEN'S COMPENSATION: APPEAL: CONFLICTING EVIDENCE. Where the district court in a workmen's

compensation case finds, on substantially . conflicting evidence, that the employee was injured in a certain manner, such finding of fact will not be reversed on appeal unless clearly wrong. *Swift & Co. v. Prince*, 106 Neb. 358.

2. ———: ———: PERSONAL ALTERCATION. An injury inflicted upon an employee by a fellow employee not arising from any order, direction, duty or act connected with the employment, but arising out of and occurring during or immediately following a personal altercation between the two, concerning matters not arising out of the performance or supposed performance of any duty or service in the employment, and resulting from what amounted to an assault by one upon the other, is not such an injury as will entitle the injured employee to compensation from the employer under the workmen's compensation act.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*H. J. Beal* and *J. P. Uvick,* for appellant.

*James C. Kinsler, contra.*

Heard before LETTON, DAY and DEAN, JJ., BLACK-LEDGE and TEWELL, District Judges.

BLACKLEDGE, District Judge.

This cause was tried in the district court for Douglas county upon appeal from an award of compensation by the compensation commissioner. There is no question but that the plaintiff sustained severe and probably permanent injury. The accident occurred in the sausage room in defendant's plant on August 29, 1919, the plaintiff being struck upon the hip by a shovel which was in use by a fellow workman. There is conflict in the testimony as to whether the striking by the shovel was accidental purely, or whether the shovel was in the hands of the fellow employee and the blow given "just for fun," or whether the blow was given as the result of an altercation between the plaintiff and her fellow employee in reference to whether plaintiff was a member of a certain union. It is also contended that the plaintiff had, a day

or two prior to the time of the particular occurrence of August 29, sustained another fall by slipping upon a piece of meat, as the result of which she injured her knee or leg.   The evidence as to this prior injury was excluded by the district court upon the theory that it was not included in the issues raised before the compensation commissioner, and that it was barred by the statute of limitations at the time of the trial. The trial court found, upon the issues from the evidence received, that plaintiff failed to establish by a preponderance of the evidence that she was injured as the result of an accident arising out of and in the course of her employment, and that she was not so injured, and, further, that on the date in question the plaintiff entered into a controversy with a fellow laborer regarding a matter wholly foreign to plaintiff's employment, to wit, regarding the question whether or not plaintiff belonged to a certain union, and that in the course of this controversy the said fellow laborer intentionally struck plaintiff over the hip with a shovel, and that whatever injuries plaintiff sustained were the result of said assault.

Appellant presents two consignments of error:   That the court erred, first, in finding plaintiff was not injured as the result of an accident arising out of and in the course of her employment; and, second, that the court erred in refusing leave to plaintiff to amend the pleadings and submit evidence as to the prior fall or injury of plaintiff.

A careful reading of the record discloses the fact that, while the circumstances surrounding this accident and which led up to it are not so clearly shown as will enable us to reach an entirely satisfactory conclusion as to just what did take place, yet that was the particular province of the trial court, which was also better situated to do so, and had the advantage of seeing and hearing the witnesses.   It has become the established rule in this state that in such cases the finding of the trial court will not be disturbed unless from the record the review-

ing court is convinced that such finding is clearly wrong. It cannot be said that there is not sufficient evidence in the record to sustain the finding of the trial court in this case. Under the terms of such finding, we do not think it can reasonably be contended that the accident did arise out of and in the course of plaintiff's employment. There must be somewhere a dividing line, and unless we are to hold that all accidents or injuries which result during the term of employment, or hours of duty, are covered by the act, it would seem that this accident must be excluded. An eminent authority has said that argument by analogy in these cases is valueless and that each case must be decided with reference to its own attendant circumstances. Under the finding, the employment had no connection, causal or otherwise, with the injury. It was, so far as appears, a purely personal affair, not arising out of the work or concerned with anything incidental to it. It was not shown that the place of employment was either a closed shop or an open shop, or that the matter of a union, the subject of their quarrel, had anything to do with plaintiff's employment, or her standing or relations toward the employer or her fellow workmen. The trial court found that it was a personal quarrel between these two, regarding a matter that was wholly foreign to the plaintiff's employment, and, under the rule stated, this finding should not be set aside.

With reference to the second assignment, the original complaint before the compensation commissioner designated an injury, as the foundation of the complaint, which had occurred August 29, 1919. There was, in fact, an injury, upon which plaintiff sought to rely, occurring on that date. Therefore the rule which would perhaps allow the plaintiff to show a different date than that alleged had no application, and the prior injury became, in effect, an additional ground of action as to which the statute of limitations had run at the time of the trial, and this evidently was the theory upon which the trial

Urak v. Morris & Co.

court acted. However, the application made for amendment and to be allowed to introduce evidence as to this claimed prior injury did not go to the extent of a showing, or offer of proof, that such injury had materially or substantially contributed to cause the plaintiff's condition, or that any result thereof was or might have been serious, but was only to the extent "that on the 27th or 28th day of August, 1919, plaintiff fell to the floor in the plant of Morris & Company, striking the same hip on a pipe, or a similar article, probably about three inches in diameter, and that as a result of this fall she limped the next day and complained to the matron and to one or two of the employees." The plaintiff in her testimony, which was first admitted and later stricken by the court was to this effect: "I fell down. I cannot tell you just the day, but it was a day or two before I got hit with the shovel. I stepped on a piece of meat and slipped and fell. I don't know how I hurt myself, but I slipped and fell, hit my knee on the side and I grabbed by the barrel and that side was brought close to the floor, and every one started to laugh and I was scared and I got up quick and run back to my place. Q. When you say your side, what do you mean? A. Left knee." This does not, either by the testimony given or by the offer of proof made upon the application to amend, carry the matter far enough to show that the prior occurrence did, or reasonably could, have any material effect on the plaintiff's condition at the time of the trial, and it is not clearly shown to have been part of the issues originally in the case or claim when it was before the compensation commissioner. We cannot say that the trial court erred in this particular.

It follows that the judgment of the trial court should be, and it is,

AFFIRMED.