## GRANDCLAIR v. ROGERS BREAD CO. et al.

No. 31258. Feb. 1, 1944.

145 P. 2d 758.

Speakman & Speakman, of Sapulpa, for petitioner.

J. A. Rinehart, of El Reno, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by T. S. Grandclair, hereinafter referred to as petitioner, to obtain a review of an order of the State Industrial Commission which vacated a prior award to the petitioner of compensation from the Rogers Bread Company, hereinafter referred to as respondent.

The facts are not in dispute. On April 27, 1942, petitioner, as a delivery salesman and driving a truck along a highway over the return portion of his route, was caught in a cyclone between Pryor and Claremore. The cyclone overturned the truck, in consequence of which petitioner sustained severe bodily injuries, and for disability resulting sought compensation under the provisions of the Workmen's Compensation Act (85 O. S. 1941 § 1 et seq.). Respondent denied liability upon the

ground that the injury had not arisen out of and in the course of the employment.

As the result of hearings held to determine liability and extent of disability a trial commissioner found that the injury of petitioner had arisen out of and in the course of his employment and awarded compensation. On appeal the State Industrial Commission sitting en banc vacated the prior award, made a finding that the injury of petitioner had not arisen out of and in the course of his employment and denied compensation for said reason. This is the order which we are here called upon to review. The sole issue involved is one of law, that is, whether under the admitted facts the injury of petitioner was one which arose out of and in the course of his employment.

In Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P .2d 163, it was held:

"In order for an accidental personal injury to be compensable under the Workmen's Compensation Act, it must have been sustained both 'in the course of' the employment and 'arising out of' the employment, within the meaning of section 13351, O. S. 1931."

In Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. 2d 647, it was held as follows:

"As used in the Workmen's Compensation Law of this state, the terms 'arising out of' and 'in the course of' are not synonymous, but are conjunctive terms; the words 'out of' referring to the origin of the cause of the action, and the words 'in the course of' to the time, place and circumstances under which it occurred.

"Before a claimant is entitled to an award of compensation under the Workmen's Compensation Law of this state, he must sustain, by competent evidence, the burden of proving that the injury complained of was accidental, and that it arose out of and in the course of his employment.

"An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

It is generally held that an injury sustained as the result of a vis major, such as a cyclone, does not arise out of an employment unless there is apparent to the rational mind a causal connection between the conditions under which the work is required to be performed and the injury which results. See Baker v. State Industrial Commission, 138 Okla. 167, 280 P. 603; Abell Chevrolet Co. v. State Industrial Commission, 370 Ill. 460, 19 N. E. 2d 361.

Petitioner seeks to differentiate the facts in the case at bar from those involved in the Baker Case, supra, by his act in remaining with the truck instead of seeking refuge somewhere else. The distinction thus sought to be made is insufficient to bring the case of petitioner within the rule announced in Globe Indemnity Co. v. Mac Kendree, 39 Ga. A. 58, 146 S. E. 46, and cases cited appearing under the annotation in 83 A.L.R. 239, cited and relied upon by petitioner. An examination of the above-cited authorities will reveal that where recovery has been allowed, there has appeared some fact which disclosed a connection between the conditions under which the work was required to be performed and the injury which resulted. In the case at bar the record discloses that the injury of petitioner had no causal connection with the employment. Under these circumstances, the rule laid down in the McNicol Case, 215 Mass. 497, L.R.A. 1916A, 306, 102 N. E. 697, 4 N.C.C.A. 522, and approved in Baker v. State Industrial Commission, supra, applies. Measured thereby the facts do not, in our opinion, bring the injury of petitioner into the compensable class, that is, one which arises out of and in the course of the employment, and therefore the order of the State Industrial Commission was properly made.

Order sustained.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., concurs in conclusion. RILEY and OSBORN, JJ., absent.