ROMAN P. MYSZKOWSKI, APPELLANT, v. WILSON AND COMPANY, INC., APPELLEE.

53 N. W. 2d 203

Filed May 9, 1952.  No. 33173.

*August Ross* and *Theodore L. Kowalski,* for appellant.

*Floersch & Floersch,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from an order of the district court for Douglas County denying a workmen's compensation claim made by Roman P. Myszkowski against his employer, Wilson and Company, Inc.

"On any appeal to this court in a workmen's compensation case the cause will be here considered de novo upon the record." Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N. W. 2d 212.

An employee is entitled to recover compensation under the provisions of the workmen's compensation law when he suffers injury as the result of an accident arising out of and in the course of his employment (see section 48-109, R. S. 1943), but the burden is upon him to establish that fact by a preponderance of the evidence. See, Solheim v. Hastings Housing Co., *supra;* Beam v. Goodyear Tire & Rubber Co., 152 Neb. 663, 42 N. W. 2d 293.

"There must be a causal connection between the employment and the injury before recovery can be allowed, * * *." Bell v. Denton, 136 Neb. 23, 284 N. W. 751.

"Whether an accident arises out of and in the course of the employment must be determined by the facts of each case. There is no fixed formula by which the question may be resolved." Simon v. Standard Oil Co., 150 Neb. 799, 36 N. W. 2d 102.

"* * * under the Workmen's Compensation Act the words 'arising in the course of the employment' relate to the time, place, and circumstances under which an accidental injury occurs, and the term 'arising out of the employment' refers to the origin or cause of the accidental injury." Withers v. Black, 230 N. C. 428, 53 S. E. 2d 668. See, also, Scholl v. Industrial Comm., 366 Ill. 588, 10 N. E. 2d 360, 112 A. L. R. 1254.

The record shows that on May 9, 1950, claimant was employed by appellee as an electric-lift-tractor operrator. Among appellee's employees on that date was a meat puller by the name of Johnnie Price. Prior to May 9, 1950, these two, while employees of appellee, had had some difficulties arising out of their work relations. About six months before an argument occurred between the two as a result of which Price put claimant in a tank of meat. Again, about a month and a half before, difficulty arose about some work and Price became angry when claimant told the boss about it. Admittedly Price is quick tempered and claimant knew this. However, both testified these difficulties had left no hard feelings between them.

The incident out of which claimant received his injuries occurred about 3:30 p. m. on May 9, 1950, in the eviscerating room in the sweet pickle department of appellee's plant. At that time claimant was operating an unloaded electric-lift tractor. He was proceeding south down a 6 to 6½-foot aisle located in this eviscerating room, which aisle was bordered on both sides by leacher vats. The tractor part of this electric-lift tractor is about 6 feet long and 3 feet wide. It has a 4½-foot fork lift attached to the front end. The operator rides on the front end of the tractor. At that time Price, while performing his duties as an employee, was walking south in this aisle. He was walking on the left-hand or east side. As claimant approached Price with the electric-lift tractor he honked the horn but Price kept right on walking. As the electric-lift tractor passed

Price the fork hit Price's right boot just below the ankle. Price thereupon became angered and struck claimant with his fist, hitting his left shoulder. Claimant then proceeded to use the tractor in an endeavor to pin Price against the leacher vats. However, the vats were about 18 inches apart and Price managed to get into one of these openings. There was a meat paddle lying on top of one of the vats Price was between so he reached up and got it. He then used it to strike at claimant. Claimant raised his left arm to ward off the blow. The paddle hit his left arm and resulted in the injury on which this claim is based, which is a compound comminuted fracture of the ulna of the left forearm.

"* * * an assault is an 'accident' within the meaning of the Workmen's Compensation Act 'when from the point of view of the workman who suffers from it it is unexpected and without design on his part, although intentionally caused by another.' Schneider's Workmen's Compensation Text (Perm. Ed.), section 1560; Brown v. Aluminum Co., 224 N. C. 766, 32 S. E. 2d 320; Conrad v. Foundry Co., supra." Withers v. Black, *supra.*

"Work-assaults should not be confused with injuries resulting from purely personal quarrels. An assault necessarily involves emotional make-up and disturbance and in a broad sense could be regarded as personal. But work causes quarrels and fights, and though interwoven with emotional disturbance, work-induced assaults are not a departure from the work. It is sufficient that the work brings the claimant within the range of peril. Personal animosities, created by 'working together on the assembly line, or in traffic,' accumulate and explode; and if attributable in substantial part to the working environment, the resulting injuries arise out of the employment." 4 NACCA Law Journal 53.

"Where the nature of the employment is such as to expose a worker to a wrongful act by another worker, which may reasonably be said to have been induced by

the peculiar conditions of the employment, the manner in which it was carried on, and the appliances required, such an act may reasonably be said to 'arise out of the employment.'" Socha v. Cudahy Packing Co., 105 Neb. 691, 181 N. W. 706, 13 A. L. R. 513. See, also, Miller v. Reisch Co., 132 Neb. 338, 271 N. W. 853.

"Arguments, altercations and assaults are as inevitable as they are undesirable. Where they arise out of the employment, they may be properly regarded as an employment hazard." Newell v. Moreau, on rehearing, 94 N. H. 443, 55 A. 2d 476.

This is well stated in Pekin Cooperage Co. v. Industrial Commission, 285 Ill. 31, 120 N. E. 530, as follows: "All concur in the rule that the accident, to be within the Compensation act, must have had its origin in some risk of the employment. No fixed rule to determine what is a risk of the employment has been established. Where men are working together at the same work disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. Where the disagreement arises out of the employer's work in which two men are engaged and as a result of it one injures the other, it may be inferred that the injury arose out of the employment."

While there seem to be some cases which hold contrary to this view, we think the following from 58 Am. Jur., Workmen's Compensation, § 266, p. 767, fairly summarizes the holdings in general: "While there is some lack of harmony among the decisions, it may be stated that in most instances an injury to an employee as a result of an assault by a coemployee, committed in the course of the employment and growing out of some incident or condition thereof, and not done solely for the gratification of personal ill will, is held to be compensable as arising out of the employment." A careful study

of the cases indicates that what lack of harmony there is flows more from determining what principles are applicable, in view of the facts involved, than it does to any difference in the principles themselves.

The facts in the present case, under the principles hereinbefore set forth, establish that the altercation between claimant and Price arose out of the working conditions of their employment and therefore we find claimant's injuries were caused by an accident arising out of and in the course of his employment with appellee. See, Miller v. Reisch Co., *supra;* Newell v. Moreau, *supra;* Withers v. Black, *supra;* Scholl v. Industrial Comm., *supra;* Pekin Cooperage Co. v. Industrial Comm., *supra;* Globe Indemnity Co. v. Industrial Accident Comm., 2 Cal. 2d 8, 37 P. 2d 1039; Schultz v. Chevrolet Motor Co., 256 Mich. 393, 239 N. W. 894; Keithley v. Stone & Webster Engineering Corp., 226 Mo. App. 1122, 49 S. W. 2d 296; Travelers' Ins. Co. v. Culpepper (Tex. Civ. App.), 82 S. W. 2d 1054; Hartford Accident & Indemnity Co. v. Cardillo, 112 F. 2d 11.

As stated in Keithley v. Stone & Webster Engineering Corp., *supra:* "* * * the rule generally applied is that where a controversy leading to an assault is connected with or pertains to the employment or is incidental to the work of the employee, the resulting injury arises out of the employment."

Of course, if this was solely a personal quarrel, which we find it was not, a different rule would apply for, as stated in 58 Am. Jur., Workmen's Compensation, § 266, p. 768: "* * * it is generally held that an injury from an assault on an employee committed by one solely to gratify his personal ill will, anger, or hatred does not arise out of the employment within the meaning of the workmen's compensation acts, * * *."

"Practically all authority holds that an assault by one employee upon another for personal reasons, not growing out of the relation as fellow employees, or out of acts in the performance of their work, cannot be held to

arise out of the employment." Schultz v. Chevrolet Motor Co., *supra*.

"We understand it to be the rule that where an employee, for reasons personal to himself and not in furtherance of any duty owed his master, invites a personal encounter and willingly engages in it and is injured as a result thereof, he cannot recover. In such case it is apparent that the injury does not arise out of the employment but has its origin in matters lying wholly outside of the duties owed by the employee to the master." Travelers' Ins. Co. v. Culpepper, *supra*. See, also, Armour & Co. v. Industrial Comm., 397 Ill. 433, 74 N. E. 2d 704; Urak v. Morris & Co., 107 Neb. 411, 186 N. W. 345.

Appellee contends that at the time claimant was injured he was using the tractor for his own purpose and therefore not acting in the course of his employment.

It is true that when an employee actually deviates from his employment and is injured while engaged in his own business or enjoyment the injury is not compensable because it does not arise out of and in the course of his employment. See, Sheets v. Glenwood Telephone Co., 135 Neb. 56, 280 N. W. 238; Simon v. Standard Oil Co., *supra*.

As stated in Simon v. Standard Oil Co., *supra:* "An injury is not compensable where an employee on his own initiative leaves the line of duty under his employment for a purpose of his own and pursues it to his injury."

This principle is not here applicable as claimant did not leave his line of duty under his employment for purposes of his own but engaged in an altercation arising out of an incident in connection with the working conditions of his employment. On principle almost all cases hold if he is injured as a consequence thereof such injury is compensable as arising out of and in the course of his employment. See authorities already cited.

Appellee further cites cases involving altercations where the original altercation had ceased and thereafter

claimant, on his own initiative, renewed it to his injury. Also cases are cited where the employee left his place of duty to go elsewhere on the property to engage a fellow employee in an altercation. In such cases courts have, for various reasons, denied recovery. Some hold it is a deviation from the line of duty. While we think these cases correctly denied compensation they have no application here where the altercation, arising out of an incident connected with the working conditions of these employees, was continuous. See, Vollmer v. Industrial Comm., 254 Wis. 162, 35 N. W. 2d 304; Feda v. Cudahy Packing Co., 102 Neb. 110, 166 N. W. 190; Gray's Case, 123 Me. 86, 121 A. 556; Griffin v. A. Roberson & Son, 162 N. Y. S. 313.

Suggestion is also made that claimant was the aggressor. We do not so find. But even if such were true it would not necessarily defeat recovery. As stated in 58 Am. Jur., Workmen's Compensation, § 266, p. 768: "The fact that the assault was provoked by the employee, or that he was the aggressor in the affray, does not necessarily render the injury noncompensable, although it may do so where such provocation or aggression amounted to wilful misconduct."

As stated in 4 NACCA Law Journal 53: "Where the assault is directly connected with the work, and arises out of work-quarrels, as distinguished from personal quarrels, the assault is compensable without determining questions of aggressors or innocent parties. Courts are not justified in making exceptions for 'aggressors' where the legislature has not done so by express provisions. An assault that arises out of work-arguments as distinguished from personal grudges, is clearly causally related to the employment, regardless of who strikes the first blow, and hence 'arises out of' the employment. Furthermore, to make a distinction between aggressors and innocent victims adds further complications as to what constitutes an aggressor, and is judicial legislation in a remedial act intended to widen, not narrow, the

rights of workers. In tort law, who strikes the first blow may be material on assumption of risk, contributory negligence, intervening cause, and on other questions. But in compensation law, the question of 'arising out of' depends simply on the causal relation to the work, in which the question of 'aggressors' is a court made, not legislative, exception."

These principles find support in the following cases where they are fully discussed. Hartford Accident & Indemnity Co. v. Cardillo, *supra;* Dillon's Case, 324 Mass. 102, 85 N. E. 2d 69; Travelers' Insurance Co. v. Culpepper, *supra.*

This brings us to the question of whether claimant was willfully negligent at the time of receiving his injuries within the meaning of section 48-127, R. S. 1943, so as to defeat his right to recover compensation. The burden of establishing willful negligence on the part of claimant is on appellee. Section 48-110, R. S. 1943. The act defines "willful negligence" as "such conduct as evidences reckless indifference to safety." Section 48-151, R. S. Supp., 1949.

We do not find claimant's conduct to be of this character.

Having come to the conclusion that the claimant is entitled to recover, the question arises as to the amount of compensation he is entitled to receive. He was temporarily totally disabled from May 9, 1950, until July 20, 1950. Thereafter he made complete recovery. At the time of the injury he was earning $69 per week. He had, as a result of his injuries, hospital bills in the total of $71.80 and doctor bills totalling $87. Claimant is therefore entitled to recover compensation for total temporary disability from May 9, 1950, to July 20, 1950, at the rate of $22 per week (see section 48-121, R. S. Supp., 1949) and for medical and hospital services the sum of $158.80.

The action of the district court is therefore reversed and the cause remanded with directions that it enter a

decree in accordance herewith, all costs to be taxed to appellee.

REVERSED AND REMANDED WITH DIRECTIONS.