**BRUCE'S TULSA TRUCK PLAZA and State Insurance Fund, Petitioners,**

v.

**Lorene Avonne THORNHILL and Workers' Compensation Court, Respondents.**

**No. 86392.**

Court of Appeals of Oklahoma, Division No. 4.

March 26, 1996.

---

William R. Redell, State Insurance Fund, Tulsa, for Petitioners.

Al Silkey, Norman, for Respondents.

REIF, Judge.

Employer-truck stop and its Insurance Carrier seek reversal of an award for injuries that Claimant-waitress sustained while working when she was struck by a glass window that was blown out by a tornado. Their primary contention is that the injuries did not "arise out of" a risk incidental to her employment, but were due to the peril of an "Act of God" to which Claimant had no greater exposure than the general public. They rely on *Baker v. State Industrial Comm'n,* 138 Okla. 167, 280 P. 603 (1929), which affirmed the denial of benefits to an employee who was injured by a cyclone as he returned from a job site to employer's place of business. The court in *Baker* held at syllabus 2 that "[t]he peril of the employee at that time [while traveling] was no greater than that common to all persons within the territory of the storm." *Accord Grandclair v. Rogers Bread Co.,* 193 Okla. 489, 145 P.2d 758 (1944).

In reaching this holding, however, the court in *Baker* distinguished the circumstances of the traveling employee from an Illinois case "wherein a tornado was shown to have blown down the building in which the employee was working." 280 P. at 604 (citing *Central Illinois Public Service Co. v. Industrial Commission,* 291 Ill. 256, 126 N.E. 144 (1920). The *Baker* court further stated that "the doctrine there announced is the law, [and] compensation should be allowed under circumstances there found." *Id.* In the Illinois case, the worker was securing the building, thereby performing "duties . . . which subjected him to an unusual risk of being injured . . . should the building be destroyed by storm." *Id.* 280 P. at 605. Claimant's testimony in the instant case reveals that she was similarly performing a work-related duty that placed her in harm's way should the building be destroyed by the storm. At the time she was struck by the blown-out window, she was checking to see if patrons had moved away from the windows in accordance with her prior request and was warning patrons to take cover under tables. Accordingly, we hold that Claimant was properly awarded benefits under the principles set forth in *Baker. See also Consolidated Pipe Line Co. v. Mahon,* 152 Okla. 72, 3 P.2d 844 (1931).

SUSTAINED.

TAYLOR, P.J., and RAPP, C.J., concur.