- 35 -
Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
McDaniel v. Western Sugar Co-op
Cite as 23 Neb. App. 35

Phillip McDaniel, appellant, v. Western Sugar
Cooperative and The Phoenix Insurance
Company, Inc., appellees.
___ N.W.2d ___

Filed July 14, 2015.    No. A-14-793.

1. **Workers' Compensation: Appeal and Error.** Under Neb. Rev. Stat. § 48-185 (Cum. Supp. 2014), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. On appellate review, the findings of fact made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong.

3. **Workers' Compensation: Evidence: Appeal and Error.** If the record contains evidence to substantiate the factual conclusions reached by the trial judge in workers' compensation cases, an appellate court is precluded from substituting its view of the facts for that of the compensation court.

4. **Workers' Compensation: Proof.** For benefits to be recovered under the Nebraska Workers' Compensation Act, the claimant must prove that the employee suffered injuries because of an accident arising out of and in the course of his or her employment.

5. **Workers' Compensation: Words and Phrases.** The phrase "arising out of the employment" is used to describe the accident and its origin, cause, and character, i.e., whether it resulted from the risks arising from within the scope or sphere of the employee's job.

6. ____: ____. All risks causing injury to an employee can be placed within three categories: (1) risks distinctly associated with the employment, (2) risks personal to the claimant, and (3) "neutral" risks—i.e., risks having no particular employment or personal character.

7. **Workers' Compensation: Assault: Words and Phrases.** In order for an assault for personal reasons to be brought within the sphere of "arising out of the employment," the employment must somehow exacerbate the animosity or dispute or facilitate an assault which would not otherwise be made.

8. **Workers' Compensation.** The determination of whether the employment creates a situation wherein an assailant will commit a crime that he or she would not otherwise commit is a difficult question of fact.

9. **Workers' Compensation: Assault.** When assessing risk in workers' compensation cases involving assaults, the focus is on the motivation for the assault.

10. ____: ____. The general rule is that assaults motivated by personal reasons, although occurring at work, are not compensable under workers' compensation law.

Appeal from the Workers' Compensation Court: Michael K. High, Judge. Affirmed.

Rolf Edward Shasteen, of Shasteen & Morris, P.C., L.L.O., for appellant.

Patrick B. Donahue and Dennis R. Riekenberg, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

Moore, Chief Judge, and Irwin and Riedmann, Judges.

Riedmann, Judge.

## INTRODUCTION

Phillip McDaniel appeals from the order of the workers' compensation court dismissing his petition with prejudice. On appeal, he argues that the compensation court erred in finding that an assault on him by a coworker did not arise out of his employment. Because we find that the compensation court's factual finding is not clearly wrong, we affirm.

## BACKGROUND

McDaniel was employed by Western Sugar Cooperative (Western Sugar), performing tasks such as monitoring machinery and ensuring work areas were clean. On February 15, 2013, McDaniel was scheduled to work from 8 p.m. until 8 a.m. Around 8:30 p.m., while performing his work duties,

- 37 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
McDANIEL v. WESTERN SUGAR CO-OP
Cite as 23 Neb. App. 35

he encountered his coworker Jason Bates. The two men walked together and talked at first. Bates then began assaulting McDaniel with a brass hammer. Bates called McDaniel an "f'ing chimo," which is "short for child molester," because he discovered on the Internet that McDaniel is a registered sex offender. McDaniel suffered injuries to his nose, clavicle, and left shoulder. Because Western Sugar has a zero-tolerance policy relating to workplace violence, Bates' employment was immediately terminated.

Although McDaniel and Bates lived approximately three blocks away from each other in the same small town, they did not know each other outside of work. On occasion, Bates would ask McDaniel work-related questions and McDaniel would assist him. Once, McDaniel and his wife gave Bates a ride home from work upon a request from McDaniel's boss. The men had never previously exchanged angry words, however, or had any sort of prior altercations.

After the incident, McDaniel filed a petition in the workers' compensation court alleging that the assault arose out of and in the course of his employment. Trial was held, and the compensation court subsequently entered an order finding that the injury did not arise out of McDaniel's employment. The court determined that McDaniel was assaulted for reasons personal to Bates, namely McDaniel's being a registered sex offender, and that nothing in the workplace precipitated the assault. Accordingly, it held that McDaniel was not entitled to workers' compensation benefits and his petition was dismissed. McDaniel timely appeals to this court.

## ASSIGNMENTS OF ERROR

McDaniel assigns that the workers' compensation court erred in finding that the assault on him by Bates, his coworker, did not arise out of his employment and in dismissing his petition with prejudice.

## STANDARD OF REVIEW

[1-3] Under Neb. Rev. Stat. § 48-185 (Cum. Supp. 2014), an appellate court may modify, reverse, or set aside a Workers'

Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Manchester v. Drivers Mgmt.*, 278 Neb. 776, 775 N.W.2d 179 (2009). On appellate review, the findings of fact made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id*. If the record contains evidence to substantiate the factual conclusions reached by the trial judge in workers' compensation cases, an appellate court is precluded from substituting its view of the facts for that of the compensation court. *Id*.

## ANALYSIS

[4,5] The sole issue in this case is whether the assault of McDaniel arose out of his employment. For benefits to be recovered under the Nebraska Workers' Compensation Act, the claimant must prove that the employee suffered injuries because of an accident arising out of and in the course of his or her employment. *Monahan v. United States Check Book Co.*, 4 Neb. App. 227, 540 N.W.2d 380 (1995). The phrase "arising out of the employment" is used to describe the accident and its origin, cause, and character, i.e., whether it resulted from the risks arising from within the scope or sphere of the employee's job. *Id*.

[6,7] All risks causing injury to an employee can be placed within three categories: (1) risks distinctly associated with the employment, (2) risks personal to the claimant, and (3) "neutral" risks—i.e., risks having no particular employment or personal character. *Id*. In order for an assault for personal reasons to be brought within the sphere of "arising out of the employment," the employment must somehow exacerbate the animosity or dispute or facilitate an assault which would not otherwise be made. *Id*. McDaniel argues that but for his

- 39 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
McDANIEL v. WESTERN SUGAR CO-OP
Cite as 23 Neb. App. 35

shared employment with Bates, the two men would have never encountered each other and Bates would have never known about McDaniel's criminal history. Thus, he asserts that the employment facilitated the assault and he should be entitled to compensation. We disagree with McDaniel's argument and find that the compensation court's factual finding is not clearly wrong.

[8] The determination of whether the employment creates a situation wherein an assailant will commit a crime that he or she would not otherwise commit is a difficult question of fact. *Id*. The *Monahan* court noted that this standard of review was precisely the reason it could not reverse, set aside, or modify the trial court's ruling in that case. In *Monahan*, a woman shot and killed her estranged, abusive husband at their mutual workplace. This court upheld the denial of workers' compensation benefits because the evidence supported the trial court's factual determination that the shooting was motivated by purely personal reasons, not anything concerning their employment. See *id*.

[9] We recognize the factual distinctions pointed out by McDaniel between the instant case and *Monahan*. Here, McDaniel and Bates did not have a relationship outside of their employment. The husband and wife in *Monahan* had a personal and volatile history. However, our case law indicates that when assessing risk in these types of cases, the focus is on the motivation for the assault. See *id.* See, also, *P.A.M. v. Quad L. Assocs.*, 221 Neb. 642, 380 N.W.2d 243 (1986); *Myszkowski v. Wilson and Company, Inc.*, 155 Neb. 714, 53 N.W.2d 203 (1952). In *Myszkowski*, the Nebraska Supreme Court observed that practically all authority holds that an assault by one employee upon another for personal reasons, not growing out of the relation as fellow employees, or out of acts in the performance of their work, cannot be held to arise out of the employment. In both *P.A.M.* and *Myszkowski*, however, the court ultimately decided that the assault in question was not the result of purely personal animosity, but, rather, was a dispute over some element of the employment.

- 40 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
McDANIEL v. WESTERN SUGAR CO-OP
Cite as 23 Neb. App. 35

There is no evidence in the present case of any employment dispute between McDaniel and Bates or any animosity over work performance. Although the sole relationship between the men was as coworkers, the motivation for the assault was Bates' personal feelings toward discovering that McDaniel is a sex offender.

[10] McDaniel contends that even if the motivation for the assault was purely personal, he is still entitled to compensation because the employment facilitated the assault. To resolve this issue, we look again to *Monahan v. United States Check Book Co.*, 4 Neb. App. 227, 232, 540 N.W.2d 380, 384 (1995), where we stated:

> As the Nebraska Supreme Court mentioned in *P.A.M.* and *Myszkowski*, the general rule is that assaults motivated by personal reasons, although occurring at work, are not compensable under workers' compensation law. See 1 [Arthur] Larson & [Lex K.] Larson, [The Law of Workmen's Compensation] § 11.00 at 3-178 [(1995)] ("[a]ssaults for private reasons do not arise out of the employment unless, by facilitating an assault which would not otherwise be made, the employment becomes a contributing factor"). See, also, *id.*, § 11.21(a) at 3-274 ("[w]hen the animosity or dispute that culminates in an assault is imported into the employment from claimant's domestic or private life, and is not exacerbated by the employment, the assault does not arise out of the employment under any test"); 82 Am. Jur. 2d *Workers' Compensation* § 358 at 393 (1992) ("where an employee is assaulted and injury is inflicted upon him through animosity and ill will arising from some cause wholly disconnected with the employer's business or the employment, the employee cannot recover compensation simply because he is assaulted when he is in the discharge of his duties").

In the present case, Bates' motivation for assaulting McDaniel was McDaniel's criminal history. Bates may not have had the opportunity to encounter McDaniel or learn

- 41 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
McDANIEL v. WESTERN SUGAR CO-OP
Cite as 23 Neb. App. 35

of his status as a sex offender but for their mutual employment; however, the assault did not stem from their relation as coworkers or out of a dispute related to the performance of their work. The cause of the assault was wholly disconnected from Western Sugar's business and the employment of McDaniel and Bates.

Moreover, even though Western Sugar provided an environment and opportunity for Bates to carry out the assault, we cannot find that the trial court's factual finding is clearly wrong. Reiterating our standard of review for factual findings in workers' compensation cases in *Monahan, supra*, we noted that it is indeed plausible that the wife in that case would not have assaulted and murdered her husband but for the fact that he worked alone at night. Yet, we concluded that it is equally plausible that she would in fact have assaulted and murdered him anywhere on the night in question. Similarly here, it is plausible that but for their shared employment, Bates would have never met McDaniel, learned of his criminal history, or had the opportunity for the assault. However, it is equally plausible, as Western Sugar suggests, that as the men lived near to each other in a town of 1,500 people, they would have encountered each other and Bates would have had the ability and opportunity to carry out his assault elsewhere.

Because there is evidence in the record to support the trial court's factual finding that the assault on McDaniel did not arise out of his employment, we cannot find that the court's denial of workers' compensation benefits was clearly wrong.

## CONCLUSION

For the reasons stated above, we affirm.

AFFIRMED.